**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian K. Stallings,<br><br>           Plaintiff,<br><br>   vs.<br><br>Charles Ryan, et al.,<br><br>           Defendants. | No.  CV 13-67-PHX-RCB (MEA)<br><br>**O R D E R** |

Plaintiff Brian K. Stallings, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will order Defendants Ryan and Martin to answer Counts One and Two of the Complaint, respectively, and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $2.06.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**TERMPSREF**

### III. Complaint

In his four-count Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections (ADOC) Director Charles Ryan, Dr. Thomas A. Bell, Nurse Martin, and Wexford Health (Wexford).

In each count, Plaintiff alleges a violation of his Eighth Amendment rights relating to his medical care. In his Request for Relief, Plaintiff seeks injunctive relief, monetary damages, and his costs of suit.

In Count One, Plaintiff alleges that as part of a lawsuit settlement agreement, Defendant Ryan and others agreed that ADOC would treat, test, and medicate his feet (which had received third-degree burns) at no charge. Plaintiff contends that although he needs continual care and pain medication for his feet, he has not received the necessary medical care. He asserts that Defendant Ryan has acted with deliberate indifference and has ignored this issue. Plaintiff also claims Defendant Wexford has stopped virtually all medical care, treatment, outside testing, and medications; is not interested in treating inmates; and is only concerned with making money. Plaintiff contends that Defendant Ryan was aware of deficient medical care prior to Defendant Wexford taking over the provision of medical care for inmates, and is aware of Defendant Wexford's actions, but has done nothing about Defendant Wexford's actions. Plaintiff asserts that he suffers continuing severe pain, nerve damage, and swelling of his lower legs.

In Count Two, Plaintiff claims that Defendant Martin ignores his health needs request forms seeking to see a doctor, but nevertheless charges Plaintiff a co-pay, in violation of the settlement agreement. He claims that denying and delaying his ability to see a doctor demonstrates deliberate indifference to his serious medical needs and that, as a result, he continues to suffer pain and nerve damage in his feet.

In Count Three, Plaintiff asserts that Defendant Bell prescribed a medication to which Plaintiff was allergic and told Plaintiff that he could also take the medication for his feet. Plaintiff contends that when Defendant Bell was confronted with various complaints about inmate medical care, he responded that "they are only prisoners."

Plaintiff claims that Defendant Wexford has stopped "all or most medications" and, therefore, Plaintiff "probably would not be given anything if he could see a doctor who cares." Plaintiff also asserts that Defendant Ryan has a duty to see that inmates are given adequate medical care, yet entered into a contract with Defendant Wexford Health despite knowing Defendant Wexford's "poor track record." Additionally, Plaintiff contends that Defendants have violated a medical policy that inmates receive medical care that meets the community standard.

In Count Four, Plaintiff alleges that he injured his right shoulder, it took three days to see medical personnel, and Defendant Bell prescribed a medication to which Plaintiff is allergic. Plaintiff contends that he was eventually taken for a magnetic resonance imaging test, which showed that he had a shoulder separation. Plaintiff claims that nothing more has been done for his injury. Plaintiff contends that Defendant Wexford has cancelled "most" outside consultations, tests, and treatments and that Defendant Bell's statement that "they are only inmates" reflects both Defendant Bell's and Defendant Wexford's feelings and explains why very few inmates are receiving proper medical care. Plaintiff contends this is "absolute proof of deliberate indifference to Plaintiff's serious medical needs." Plaintiff contends that the failure to treat his shoulder injury causes him pain, limits his movement, and will result in a lifelong, permanent injury.

**IV.    Discussion**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362,

371-72, 377 (1976).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

Case 2:13-cv-00067-SMM   Document 5   Filed 04/19/13   Page 6 of 10

does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### A. Defendant Ryan

Liberally construed, Plaintiff has stated a deliberate indifference claim in Count One regarding Defendant Ryan's failure to ensure that Plaintiff receives continued care and pain medication for his feet. The Court will require Defendant Ryan to answer this portion of Count One.

However, as to Plaintiff's allegations that Defendant Ryan has done nothing about Defendant Wexford's actions, entered into a contract with Defendant Wexford despite knowing of Defendant Wexford's "track record," and violated a policy that inmates receive medical care that meets the community standard, these allegations are vague, conclusory, and generic. They do not state a claim of deliberate indifference regarding *Plaintiff's* medical needs. Thus, the Court will dismiss without prejudice Plaintiff's allegations against Defendant Ryan regarding Defendant Wexford.

### B. Defendant Martin

Liberally construed, Plaintiff has stated a deliberate indifference claim in Count Two against Defendant Martin. The Court will require Defendant Martin to answer Count Two.

### C. Defendant Bell

Plaintiff's allegations against Defendant Bell suggest, at best, that Defendant Bell may have been negligent or committed medical malpractice, but do not rise to the level of deliberate indifference to Plaintiff's serious medical needs. Thus, the Court will dismiss without prejudice Plaintiff's claims against Defendant Bell.

TERMPSREF

- 6 -

### D. Defendant Wexford

Although Plaintiff alleges that Defendant Wexford Health has stopped virtually all medical care and "all or most medications" and has cancelled "most" outside medical care, he does not allege that Defendant Wexford has stopped *Plaintiff's* medical care or acted with deliberate indifference to *Plaintiff's* serious medical needs. Plaintiff's allegations against Defendant Wexford are too vague, conclusory, and generic to state a claim. Thus, the Court will dismiss without prejudice Plaintiff's claims against Defendant Wexford Health.

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

. . . .

TERMPSREF

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.06.

(3) Counts Three and Four are **dismissed** without prejudice.

(4) Defendants Wexford Health and Bell are **dismissed** without prejudice.

(5) Defendants Ryan and Martin must answer Counts One and Two, respectively.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Ryan and Martin.

(7) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF

- 8 -

the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)    **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 19th day of April, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

TERMPSREF

- 10 -