WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian K. Stallings,<br><br>    Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV 13-0067-PHX-SMM (MEA)<br><br>**O R D E R** |

Plaintiff Brian K. Stallings brought this pro se civil rights Complaint under 42 U.S.C. § 1983 against three Arizona Department of Corrections officials—Director Charles L. Ryan, Dr. Thomas Bell, and Nurse Martin—and Wexford Health Solutions, the prison's contracted healthcare provider (Doc. 40). Stallings alleged four counts of deliberate indifference to his serious medical needs related to treatment for his feet (*id.*). Before the Court are Ryan and Martin's Motion for Summary Judgment (Doc. 53), Bell and Wexford's Motion to Dismiss for Failure to Prosecute and in the Alternative, Motion to Compel Plaintiff's Deposition (Doc. 69), and Stallings' Motion to Dismiss Without Prejudice (Doc. 71).

The Court will grant Stallings' motion, dismiss the action without prejudice, and deny Defendants' motions as moot.

**I.    Procedural Background**

On March 30, 2014, Ryan and Martin filed a Motion for Summary Judgment in which they argued that Martin was not deliberately indifferent to Stallings' medical needs

and Ryan cannot be liable because he did not participate in Stallings' treatment (Doc. 53). The Court issued a Notice informing Stallings of the procedural rules governing summary judgment and setting a response deadline of April 27, 2014 (Doc. 56). Stallings immediately moved for a 90-day extension to file his response; he stated that due to a murder in the prison unit in March 2014, Stallings' unit was on lockdown and the prison law library was closed indefinitely (Doc. 57). The Court "granted" his motion, but then set a new deadline of April 28, 2014 (Doc. 58). On April 24, 2014, the Court received a motion for a 30-day extension from Stallings, who stated that the library was still unavailable and his unit was still on lockdown (Doc. 61). The Court granted his motion and extended the response deadline to May 30, 2014 (Doc. 62).

Meanwhile, Bell and Wexford filed a Notice of Deposition, indicating that Stallings' deposition was set for May 8, 2014, at his prison unit (Doc. 60). On April 28, 2014, Stallings moved for an extension to respond to discovery and to submit to a deposition so that he could retain counsel (Doc. 63). Bell and Wexford opposed the motion (Doc. 64), and on May 5, 2014, Stallings filed his reply in support of the requested extension (Doc. 67). However, the Court did not receive Stallings May 5, 2014 reply until May 12, 2014, by which time it had already denied the motion (Doc. 65, May 6, 2014 Order).

On May 20, 2014, Bell and Wexford filed their Motion to Dismiss for Failure to Prosecute on the grounds that Stallings had not responded to discovery requests and refused to submit to the deposition on May 8, 2014 (Doc. 69).

On May 22, 2014, Stallings filed his Motion to Dismiss Without Prejudice, stating that he is unable to afford medical experts at this time and that the murder that occurred in his unit in March 2014 had made it nearly impossible to go to the law library to work on his case and all his requests for counsel have been denied (Doc. 71). Stallings stated that the lockdown in his unit remains in effect (*id.*).

Ryan and Martin filed their opposition to Stallings' Motion to Dismiss, which Bell and Wexford joined (Docs. 74-75). Defendants argued that they have already filed a

summary judgment motion to which Stallings has not responded and they have answered numerous discovery requests and attended the deposition that Stallings refused to participate in (Doc. 74 at 1-2). For these reasons, they request that Stallings' motion be denied and their summary judgment motion be granted (*id.* at 2-3).

**II.     Motion for Voluntary Dismissal**

  **A.     Legal Standard**

Because a motion for summary judgment was filed before Stallings submitted his motion for voluntary dismissal, Federal Rule of Civil Procedure 41(a)(2) governs. Fed. R. Civ. P. 41(a). Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request only by a court order. A motion to dismiss under Rule 41(a)(2) is committed to the sound discretion of the Court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant shows that he will suffer legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). For example, prejudice may be the loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *See Westlands*, 100 F.3d at 97. Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. *Smith*, 263 F.3d at 976. Nor does the expense incurred in defending against a lawsuit amount to legal prejudice. *Westlands*, 100 F.3d at 97 (citing *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982)).

Unless otherwise stated, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). While a dismissal without prejudice is the default position stated in Rule 41(a)(2), the court has broad discretion whether to dismiss an action with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). In determining if an action should be dismissed with prejudice, the court can consider the fact that the defendant has filed a motion for summary judgment; "[a]n attempt to avoid

- 3 -

1 an adverse decision on the merits may constitute legal prejudice." *In re Sizzler Rest. Int'l, Inc.*, No. SV 96-16075-AG, 262 B.R. 811, 822 (C.D.Cal. 2001).

**B.    Discussion**

Defendants' opposition to Stallings' Motion to Dismiss is based on the time and expense they have put into defending this action (Doc. 74). As mentioned above, this does not amount to legal prejudice.

Defendants also suggest that Stallings has not litigated in good faith. "Ninth Circuit caselaw intimates that a district court may refuse to grant dismissal under Rule 41(a)(2) when exceptional circumstances suggest bad faith and/or vexatious tactics on the part of the plaintiff, and that the defendant may suffer the 'legal prejudice' of never having claims resolved." *Manuel v. Shipyard Holdings*, No. C 01-00883 WHA, 2001 WL 1382050, at *3 (N.D.Cal. Nov. 5, 2001) (citing *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996)). According to Defendants, Stallings' "lawsuit is frivolous," he "willfully refused to participate in" the deposition, and he "defied the Court's briefing schedule" (*id.* at 2). But the Court screened Stallings' Complaint and First Amended Complaint and specifically determined that his claims were not frivolous (Docs. 5, 39). As to the deposition, the Court notes that it appears Stallings did not receive the Court's May 6, 2014 Order denying his motion for an extension related to the deposition before the May 8, 2014 scheduled deposition (*see* Docs. 65, 67). And although Stallings has not responded to the summary judgment motion, he has sought extensions in which he explained his inability to go to the law library to prepare his response. Thus, the Court does not construe his failure to respond as an attempt to "defy" the Court's briefing schedule, nor do these circumstances constitute bad faith or vexatious tactics by Stallings. Notably, Defendants do not refute Stallings' averments that a murder occurred in the prison in March 2014, which caused the law library to close, and that Stallings' prison unit has remained in lockdown status.

In short, Defendants have not shown they will suffer legal prejudice as a result of a dismissal. Moreover, in light of Stallings' proffered reason for his inability to prepare his

response, and given that only two of the four Defendants have moved for summary judgment (*see* Doc. 53), Stallings' request for dismissal is not viewed simply as an attempt to avoid a decision on merits. The Court will therefore exercise its discretion to dismiss the action under Rule 41(a)(2) without prejudice.

Stallings' Motion to Dismiss will be granted, the action will be dismissed, and Defendants' pending motions will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants Ryan and Martin's Motion for Summary Judgment (Doc. 53), Defendants Bell and Wexford's Motion to Dismiss for Failure to Prosecute and in the Alternative, Motion to Compel Plaintiff's Deposition (Doc. 69), and Plaintiff Stallings' Motion to Dismiss Without Prejudice (Doc. 71).

(2) Plaintiff Stallings' Motion to Dismiss Without Prejudice (Doc. 71) is **granted**; the First Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

(3) Defendants Ryan and Martin's Motion for Summary Judgment (Doc. 53) and Defendants Bell and Wexford's Motion to Dismiss for Failure to Prosecute and in the Alternative, Motion to Compel Plaintiff's Deposition (Doc. 69) are **denied as moot**.

(4) The Clerk of Court must enter judgment of dismissal and terminate this action.

DATED this 8th day of July, 2014.

Stephen M. McNamee
Senior United States District Judge